T.C. Memo. 2003-292

UNITED STATES TAX COURT

CARL R. NEUGEBAUER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8552-02L.                    Filed October 21, 2003.

Carl R. Neugebauer, pro se.

<u>Karen Nicholson Sommers</u>, for respondent.


MEMORANDUM OPINION

LARO, <u>Judge</u>:  Petitioner, while residing in Murrieta, California, petitioned the Court under section 6330(d) to review respondent's proposed collection activity in the form of a levy. Respondent proposed this action to collect petitioner's Federal income tax liability for 1989.  Currently, the case is before the Court on respondent's motion for summary judgment under Rule

121(a). Petitioner responded to respondent's motion under Rule 121(b).

We shall grant respondent's motion for summary judgment. Section references are to the applicable versions of the Internal Revenue Code. Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Petitioner filed a delinquent Federal income tax return for 1989. Respondent sent a notice of deficiency to petitioner with respect to his income tax liability for that year. Petitioner then petitioned the Court contesting his liability specified in the notice of deficiency. Because the petition was not filed within the time prescribed by section 6213(a) or 7502, we dismissed the case for lack of jurisdiction.

On or about April 18, 1994, an income tax deficiency and related penalties and interest were assessed against petitioner with respect to 1989. Petitioner failed to pay fully the amounts assessed. On or about May 7, 2001, respondent issued to petitioner a letter entitled "Final Notice - Notice of Intent to Levy and Notice of Your Right to a Hearing Under IRC 6330".

On or about June 8, 2001, petitioner submitted a Form 12153, Request For A Collection Due Process Hearing. On January 10, 2002, petitioner submitted an offer in compromise and a collection information statement in connection with his request

for a hearing.  Respondent's Appeals officer determined that the offer in compromise should not be accepted because the offer and supporting financial information were incomplete.  Petitioner did not comply with the Appeals officer's request to provide the complete information.  On January 17, 2002, a hearing was held between respondent's Appeals officer and petitioner's counsel Judy E. Hamilton.  In connection with the hearing, the Appeals officer reviewed Internal Revenue Service transcripts of account for petitioner's 1989 tax liability.

On April 12, 2002, respondent sent petitioner a Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330 (Notice of Determination) regarding petitioner's 1989 Federal income tax liability.  On May 13, 2002, petitioner filed with the Court a Petition for Lien or Levy Action.  Neither in the petition nor in the previous request for a hearing did petitioner raise any issues with respect to the existence or the amount of the underlying tax liability.  Instead, petitioner alleges that he was denied his right to a hearing under section 6330, that he was denied participation in the proceedings relating to offer in compromise, and that he was subjected to punitive conduct by personnel of the Internal Revenue Service (IRS).  In addition, petitioner maintains that the factual foundation of the Notice of Determination lacked veracity.  Petitioner asks the Court to remand this case to Appeals for

further consideration of an offer in compromise or, alternatively, to transfer this case to the appropriate Federal District Court.

On July 8, 2002, respondent filed with the Court a Motion to Dismiss for Lack of Jurisdiction and to Strike as to Trust Fund Recovery Penalty Liabilities on the basis that the Court did not have jurisdiction under section 6330(d) to decide respondent's determination as to those liabilities. On September 26, 2002, we granted the motion.

On July 11, 2003, respondent moved for summary adjudication as to the remaining issues. On August 20, 2003, petitioner filed with the Court a reply to that motion.

#### Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). The moving party bears the burden of proving

that there is no genuine issue of material fact, and factual inferences are drawn in a manner most favorable to the party opposing summary judgment.  Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

As will be shown in the discussion that follows, petitioner has raised no genuine issue as to any material fact.  Respondent supported his motion for summary judgment with the pleadings, exhibits, and an affidavit of one of his attorneys.  Petitioner's reply was supported by materials not responsive to the merits of respondent's motion.  The reply also did not set forth any specific facts showing a genuine issue for trial.  We view "the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits", and find no genuine issue as to any material fact. Rule 121(b).  Accordingly, we conclude that this case is ripe for summary judgment.  Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Secretary may collect such tax by levy on the person's property.  Section 6331(d) states that at least 30 days before enforcing collection by levy on the person's property, the Secretary must furnish the person with a final notice of intent to levy, including notice of the administrative

appeals available to the person.

Under section 6330, the Commissioner cannot proceed with collection by levy until the person has been given notice and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing) and, if dissatisfied, with judicial review of the administrative determination. Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000). In the case of such judicial review, the Court will review a taxpayer's liability under the de novo standard where the validity of the underlying tax liability is at issue. A taxpayer's underlying tax liability may be at issue if he or she "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." Sec. 6330(c)(2)(B). The Court will review the Commissioner's administrative determination for abuse of discretion with respect to all other issues. Sego v. Commissioner, 114 T.C. 604, 610 (2000).

Here, petitioner does not dispute the existence or the amount of an underlying tax liability. Therefore, the proper standard for our review of respondent's determination is abuse of discretion. Under section 6330(c)(3), the determination of an Appeals officer must take into consideration (A) the verification that the requirements of applicable law and administrative procedures have been met, (B) issues raised by the taxpayer, and

(C) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection be no more intrusive than necessary.

Here, the Appeals officer addressed all these matters. He satisfied the first requirement by reviewing the Internal Revenue Service transcripts of petitioner's account. Hill v. Commissioner, T.C. Memo. 2002-272; Weishan v. Commissioner, T.C. Memo. 2002-88; Kuglin v. Commissioner, T.C. Memo. 2002-51.

The Appeals officer satisfied the second requirement by considering the issues raised by petitioner. The only issue raised by petitioner was his inability to pay the liability in full, and, in that regard, petitioner requested that he be allowed to satisfy the liability through an offer in compromise. The Appeals officer addressed this request by reviewing the information submitted, explaining that it was incomplete, and asking for additional information. Petitioner failed to submit a properly completed Form 656, Offer in Compromise, and the required financial information for the consideration of his request.

As to the third requirement, the Appeals officer properly balanced the need for efficient collection of taxes through the proposed levy against the concern that any collection action be no more intrusive than necessary. Petitioner failed to provide

the information required in order to consider an alternative collection action.

Throughout the proceeding, petitioner's conduct demonstrates propensity to cause delay in collecting his outstanding tax liabilities.  We sustain respondent's determination regarding the proposed levy as a permissible exercise of discretion.  We note as to the allegations set forth in the petition that petitioner did receive a hearing under section 6330, that petitioner was given an opportunity to participate in the proceeding relating to an offer in compromise, and that petitioner's unsupported allegations raise no triable issue of fact concerning "punitive conduct" by the IRS personnel.

Regarding the petitioner's request to refer this case to a different forum, we observe that this Court has jurisdiction over the appeal of the administrative determinations where the underlying tax liability concerns unpaid income taxes, as opposed to certain other taxes.  See, e.g., Goza v. Commissioner, supra at 182.  We decline to grant the petitioner's request.

We have considered all arguments raised by the parties and have found those arguments not discussed herein to be irrelevant and/or without merit.  Accordingly,

> An appropriate order and
> decision will be entered for
> respondent.